UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **ELAINE L. CHAO**, Secretary of Labor,<br>United States Department of Labor,<br><br>                Plaintiff,<br><br>    v.<br><br>**SALIJA, INC.**, **d/b/a JUDY'S RESTAURANT**,<br>a Wisconsin corporation, **AGIM SALIJA**,<br>an individual, and **SALI SALIJA**, an individual,<br><br>                Defendants. | Civil Action No.: 05-C-0603 |

## JUDGMENT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, having filed her complaint and defendants, **SALIJA, INC.**, **d/b/a JUDY'S RESTAURANT**, a Wisconsin corporation, **AGIM SALIJA**, an individual, and **SALI SALIJA**, an individual, (hereinafter collectively "defendants") having been duly served with a copy of the complaint and executing waiver of summons, defendants having failed to plead or otherwise defend within the time prescribed by law, and default of defendants having been duly entered by the Clerk of this Court, and the truth of the allegations contained in the complaint having been made to appear by the declaration of the plaintiff's investigator; now, therefore upon application of the plaintiff and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against defendants in accordance with the prayer of the complaint in the above-styled action pursuant to sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. º 201 et seq., (the "Act") as follows:

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that the defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners:

(a) Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rates at which he is employed;

(b) Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. 516;

-2-

(c) Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the plaintiff and against the defendants in the total amount of $270,666.00.

(a) Defendants shall pay to the plaintiff the sum of $135,333.00, which represents the unpaid overtime compensation hereby found to be due, for the period June 1, 2002 through May 29, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(b) Defendants shall further pay to plaintiff as liquidated damages the additional sum of $135,333.00 hereby found to be due, for the period June 1, 2002

through May 29, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(c) The monetary provisions of this judgment shall be deemed satisfied, upon defendants' delivery to plaintiff's representative of the following:

(1) A schedule in duplicate showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employees' share of social security and withholding taxes, amount of liquidated damages due, and the net amount of such payment for each employee named in Exhibit A.

(2) Separate certified checks for each employee named in Exhibit A, made payable to the order of the employee or the "Wage and Hour Div., Labor" as alternative payees (for example, the first check should read "PAY TO THE ORDER OF JANE DOE or the WAGE AND HOUR DIV., LABOR") and be equal to the net amount due to each such employee after deducting the amount of legal deductions as listed on the schedule referred to in subparagraph (c)(1) above from the gross amount of wages as listed opposite his name in Exhibit A attached; and

(3) Separate certified checks for each employee named in Exhibit A, made payable to the order of the employee or the "Wage and Hour Div., Labor" as alternative payees (for example, the first check should read "PAY TO THE ORDER OF JANE DOE or the WAGE AND HOUR DIV., LABOR") and be equal to the gross amount due to each such employee as liquidated damages as listed opposite his name in Exhibit A attached.

(4) Plaintiff shall distribute the checks referred to in paragraphs (2) and (3) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, or to their estates, if that be necessary, and any amounts of unpaid overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

**FURTHER**, **IT IS ORDERED** that plaintiff shall recover from defendants post-judgment interest pursuant to 28 U.S.C. § 1961, and it is further

**ORDERED** that the United States Marshal cause a true copy of this judgment to be served on defendants, and it is further

**ORDERED** that defendants pay the costs of this action, including the United States Marshal's fee and expenses for service of a true copy of this judgment, as aforesaid.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2005.

    s/ Rudolph T. Randa
    **HON. RUDOLPH T. RANDA**
    **Chief Judge**

Dated this 20th day of September, 2005.

SOFRON B. NEDILSKY, CLERK

By: s/ Linda M. Zik
    Deputy Clerk

# EXHIBIT A

| NAME | GROSS WAGES | LIQUIDATED DAMAGES | TOTAL |
|---|---|---|---|
| Jose Luis Albiter | $ 2,074.80 | $ 2,074.80 | $ 4,149.60 |
| Roberto Alcantara | $ 6,623.40 | $ 6,623.40 | $13,246.80 |
| Elias Cipriano | $ 7,056.88 | $ 7,056.88 | $14,113.76 |
| Felipe Damian Cresenciano | $7,266.76 | $7,266.76 | $14,533.52 |
| Jose Damian Cresenciano | $ 7,087.56 | $ 7,087.56 | $14,175.12 |
| Pedro Flores | $ 8,028.36 | $ 8,028.36 | $16,056.72 |
| Roman Flores | $ 2,912.00 | $ 2,912.00 | $ 5,824.00 |
| Jorge Gallego | $ 2,912.00 | $ 2,912.00 | $ 5,824.00 |
| Fransisco Garcia | $   885.56 | $   885.56 | $ 1,771.12 |
| Maurillo Hernandez | $ 1,755.60 | $ 1,755.60 | $ 3,511.20 |
| Leonel Martinez | $ 8,856.24 | $ 8,856.24 | $17,712.48 |
| Abel Medina | $ 5,665.80 | $ 5,665.80 | $11,331.60 |
| Bernabe Medina | $13,448.80 | $13,448.80 | $26,897.60 |
| Eduardo Medina | $ 4,428.44 | $ 4,428.44 | $ 8,856.88 |
| Jose Luis Medina | $12,446.80 | $12,446.80 | $24,893.60 |
| Martin Medina | $12,446.80 | $12,446.80 | $24,893.60 |
| Orbelin Medina | $12,446.80 | $12,446.80 | $24,893.60 |
| Santo Peres | $ 3,950.96 | $ 3,950.96 | $ 7,901.92 |
| Rolando Rodriguez | $ 6,623.40 | $ 6,623.40 | $13,246.80 |
| Freddy Severiano | $ 4,867.80 | $ 4,867.80 | $ 9,735.60 |
| Roberto Zapot | $ 3,542.24 | $ 3,542.24 | $ 7,084.48 |
| **Totals:** | 135,333.00 | $ 135,333.00 | $270,666.00 |